IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG DIVISION

FRANKLIN D. NEWMAN,                    )
                                       )
            Plaintiff,                 )         No. _1:15-cv-155 (Keeley)_
                                       )
      v.                               )         (Removed from the Harrison County
                                       )         Circuit Court Formerly Case No.
TURNER CONSTRUCTION COMPANY            )         14-C-400-2)
and INDEPENDENCE EXCAVATING, INC.,     )
                                       )         Electronically filed:  September 4, 2015
            Defendants.                )

## NOTICE OF REMOVAL

**TO:  The Clerk of the United States District Court for the Northern District of West
Virginia**

Pursuant to the provisions of 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Turner

Construction Company ("Turner") and Independence Excavating, Inc. ("Independence"), (jointly

"Defendants"), by and through their attorneys, file this Notice of Removal of Docket No. 14-C-

400-2 from the Circuit Court of Harrison County, West Virginia to the United States District

Court for the Northern District of West Virginia.  Complete diversity of citizenship exists and the

amount in controversy exceeds $75,000.00, exclusive of interest and costs.  In support of this

Notice of Removal, the Defendants state as follows:

**I.      BACKGROUND**

1.      On September 8, 2014, Plaintiff Franklin D. Newman ("Plaintiff") filed a writ of

summons against Turner, Independence, and The Thrasher Group, Inc. ("Thrasher") in the

Circuit Court of Harrison County, West Virginia.  (Exhibit C-3).

2.      On September 17, 2014, Plaintiff filed a complaint in the Circuit Court of Harrison County, West Virginia against Turner, Independence and Thrasher[1] alleging that the Plaintiff was injured in September 2012 while he was performing his job duties on the Biometric Technology Center Phase II Project at the Federal Bureau of Investigation Center in Harrison County, West Virginia.  (Exhibit C-2, ¶¶5-8, 12-13, 15-16, 18-20).

3.      On September 1, 2015, Plaintiff filed an Agreed Order dismissing The Thrasher Group, Inc. with prejudice from the above-captioned matter ("Agreed Order").  (Exhibit C-31). That same day, the Circuit Court of Harrison County signed the Agreed Order.  (*Id.*).

## II.      DIVERSITY JURISDICTION

4.      This court has original jurisdiction over the case under 28 U.S.C. § 1332(a), as amended, which provides in pertinent part that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and cost, and is between . . . (1) citizens of different States."  28 U.S.C. § 1332(a)(1).

### A.      The Diversity of Citizenship Requirement is Satisfied.

5.      Plaintiff is a citizen of Montgomery County, Virginia.  (Exhibit C-2, ¶1).

6.      Defendant Turner is a New York Corporation with its principal place of business located at 375 Hudson Street, New York, New York  10014.  (*Id.*, ¶2).

7.      Defendant Independence Excavating, Inc. is an Ohio corporation with its principal place of business located at 5720 Schaaf Road, Independence, Ohio  44131.  (*Id.*, ¶3).

---

[1]      The Thrasher Group, Inc. is a West Virginia corporation with its principal place of business located at 600 White Oaks Boulevard, P.O. Box 940, Bridgeport, West Virginia  26330. (*Id.,* ¶4).

8.      As a result of the Agreed Order dismissing Thrasher, there is complete diversity of citizenship among the parties to this action.  The Agreed Order was the first pleading, motion, order or other paper from which it was ascertainable that the case meets the criteria for removal to Federal Court.

**B.      The Amount in Controversy Requirement is Satisfied.**

9.      Plaintiff's Complaint is silent with respect to the amount in controversy.  When a state complaint is silent to the amount in controversy, the Defendant has the burden of proving removal jurisdiction.  *See Bologna v. Enhanced Recovery Co., LLC,* Civ.A.No. 5:15-CV-18, 2015 U.S. Dist. LEXIS 51604, at *4 (N.D.W.Va. Apr. 20, 2015); *Landmark Corp. v. Apogee Coal, Co.,* 945 F.Supp. 932, 935 (S.D.W.Va. 1996).

10.      The amount in controversy for diversity jurisdiction is met if the removing party can establish by a preponderance of the evidence that the amount in controversy exceeds $75,000.  *See Bologna*, 2015 U.S. Dist. LEXIS 51604, at *4.  *See also Evans v. CDX Servs.,* 528 F. Supp.2d 599, 606 (S.D.W.Va. 2007) (applying a preponderance of the evidence standard). This standard is satisfied when the removing party shows that it is "more likely than not that the amount in controversy exceeds the jurisdictional amount."  *Evans,* 528 F. Supp.2d at 606 (*citing Weddington v. Ford Motor Credit Co.,* 59 F. Supp.2d 578, 583 (S.D.W.Va. 1999)).  Here, the allegations in the Complaint provide a sufficient predicate for removal.

11.      Based on the allegations in Plaintiff's Complaint, the amount in controversy is alleged to be in excess of $75,000.00.  Plaintiff claims that, as a result of the accident in September 2012, he suffered the following injuries, including, but not limited to:

- "serious [bodily] injury, which was without limitation neck, back and shoulder injury, right arm injury …"  (Exhibit C-2, ¶29);

- Plaintiff "has been required to expend large sums of money for medical and hospital treatment and services for the treatment of injuries." (*Id.,* ¶31);

- Plaintiff "will require future medical care and treatment because of the permanent and lasting effect of said injuries." (*Id.*);

- Plaintiff "has suffered severe and permanent personal injury which has caused loss of earning and earning capacity." (*Id.,* ¶32);

- Plaintiff "has endured pain and suffering, mental anguish and emotional distress, annoyance and inconvenience and the loss of ability to enjoy life." (*Id.,* ¶33); and

- "WHEREFORE, the plaintiff Franklin D. Newman demands: (a) Judgment jointly and severally against the defendants for compensatory, general and punitive damages in the amount to be set by the jury of the Court; (b) Award of attorney fees and costs; and (c) Such further equitable and legal relief as this Court deems just and proper." (*Id.*, p.8, WHEREFORE clause).

12.    Consequently, the above-described litigation is a civil action for which this Court has original jurisdiction under 28 U.S.C. § 1332, as this is a civil action wherein the amount in controversy exceeds the sum of $75,000.00, exclusive of interests and costs, and the litigation is between citizens of different states. *See Evans*, 528 F. Supp.2d at 606 ("The Court notes that Plaintiffs' claims for 'serious bodily injury,' 'tremendous pain and suffering,' 'loss of earning capacity,' and 'loss of ability to enjoy life' support Defendants' argument. When the Court considers the additional elements of pain and suffering and future damages, one can easily conclude the amount in controversy is satisfied.") (internal quotation omitted).

C.      **The Venue Requirement is Satisfied.**

13.     The United States District Court for the Northern District of West Virginia, Clarksburg Division, includes the county in which this matter is pending – Harrison County, West Virginia.  Thus, this Court is the proper venue pursuant to 28 U.S.C. § 1441(a).

III.    **PROCEDURAL REQUIREMENTS**

14.     Plaintiff filed his Complaint on September 17, 2014.  Accordingly this notice of removal is within the one-year time frame set forth in 28 U.S.C. § 1446.

15.     Removal from the state court to the United States District Court for the Northern District of West Virginia is therefore permissible pursuant to 28 U.S.C. §§ 1441(a) and 1446(b).

16.     A copy of all process, pleadings, and orders served upon the Defendants are attached to this Notice pursuant to 28 U.S.C. § 1446(a).  (Exhibits C-1 through C-34).

17.     Pursuant to 28 U.S.C. § 1446(d), Defendants are filing a written notice of this removal with the Circuit Court of Harrison County, West Virginia.  (Exhibit D).  A Notice of Removal To Adverse Party, together with copies of this Notice of Removal and Notice of Filing Notice of Removal, are being served upon Plaintiff's counsel as required by 28 U.S.C. § 1446(d).

WHEREFORE, Defendants Turner Construction Company and Independence Excavating, Inc. respectfully remove the action from the Circuit Court of Harrison County, West Virginia to the United States District Court for the Northern District of West Virginia pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

**A JURY TRIAL IS DEMANDED OF 12 JURORS IN THIS MATTER.**

Date: September 4, 2015                    */s/ Steven A. Luxton*

                                        Steven A. Luxton, Esq., WV Bar #11038
                                        **MORGAN, LEWIS & BOCKIUS LLP**
                                        1111 Pennsylvania Avenue N.W.
                                        Washington, DC  20004

5

(202) 739-5452 (phone)
(202) 739-3001 (facsimile)
sluxton@morganlewis.com


*/s/ David K. Hendrickson*
David K. Hendrickson, Esq. WV Bar #1678
Andrew W. Holbrook, Esq. WV Bar #12663
**HENDRICKSON & LONG, PLLC**
214 Capitol Street (zip 25301)
P.O. Box 11070
Charleston, West Virginia  25339
(304) 346-5500 (phone)
(304) 346-5515 (facsimile)
daveh@handl.com
aholbrook@handl.com

*Counsel for Defendant Turner Construction*
*Company and Independence Excavating, Inc.*

6

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG DIVISION**

| | | | |
|---|---|---|---|
| FRANKLIN D. NEWMAN, | ) | | |
| | ) | | |
| Plaintiff, | ) | No._____ | |
| | ) | | |
| v. | ) | | |
| | ) | | |
| TURNER CONSTRUCTION COMPANY | ) | | |
| and INDEPENDENCE EXCAVATING, INC., | ) | | |
| | ) | | |
| Defendants. | ) | | |

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on September 4, 2015, a true and correct copy of the foregoing

**NOTICE OF REMOVAL** was filed with the Clerk of the Court using the CM/ECF system, and

served via United States certified mail, return receipt requested, upon the following:


J. Michael Ranson, Esq.                 Teresa J. Dumire, Esq.
Cynthia M. Ranson, Esq.                 Brandy D. Bell, Esq.
Ranson Law Offices                      Kay Casto & Chaney PLLC
1562 Kanawha Blvd., East                1085 Van Voorhis Road, Suite 100
P.O. Box 3589                           Morgantown, WV 26505
Charleston, WV 25336-3589               *Counsel for The Thrasher Group, Inc.*
*Counsel for Plaintiff*

G. Patrick Jacobs, Esq.
Jacobs Law Offices
7020 MacCorkle Avenue, S.E.
Charleston, WV 25304
*Counsel for Plaintiff*


                                        */s/ Steven Luxton*_____
                                        Steven A. Luxton